Emott, J., (dissenting.)
The demurrer in this case admits that the facts stated in the complaint, show a constructive total loss at the time of the abandonment, and the question is whether the notice of abandonment was sufficient. The insurance was upon the cargo, and the right to abandon in such a case, exists only when the goods have been damaged by some of the perils insured against, to an amount equal to one half their value. The letter of abandonment in the present case stated that the vessel had put into port in distress, with several feet of water in her hold, and that the cargo was very *474 seriously damaged. The argument for the appellants is, that the insured should have stated in the words of the rule of law, that it was damaged to the extent of half its value. I do not so understand the principles or the authorities controlling such cases. There is no form prescribed or required for the act or notification of abandonment; but it is necessary that the accident occasioning it should be described with certainty, so that the underwriters may judge, whether they ought to accept or not. The assured must inform the insurer whether the damage has been occasioned by stranding or shipwreck, or capture, or as in this case by stress of weather at sea. But it would be a merely formal statement to add that the extent of the damage was one half the value of the goods. It is the rule of law that there must be damage to that extent, or the assured cannot claim a constructively total loss of cargo and, by abandoning, turn that into a total loss which would otherwise and in fact be partial. Both parties are presumed to know the rule, and to act with reference to it. That which must be stated clearly and truly in the notice of abandonment, is the cause of the injury to the cargo, and not the extent of that injury, or the fact that it was sufficiently great to come within the rule. (Suydam v. Marine Insurance Company, 1 Johns., 181.) It could not be contended that a notice would be sufficient which should merely state that the cargo was damaged to the extent of half its value without stating how or by what cause. The information which the insurer needs is the cause of the injury, in order that he may judge whether the loss will probably be as great as the law requires to entitle the assured to abandon the property, and determine whether he should accept the abandonment, or deny the right to make it. To this end it is material that he should be informed of the circumstances which have produced the damage, but it would not aid his judgment to be told expressly what he may be presumed to know as matter of law, that the loss was claimed to be as much as one-half the value of the goods.
The appellants have failed to produce any authority which sustains the' doctrine for which they contend, while the fact *475 that such a point has not been taken in several cases where it might have been, shows that the rule has not been so understood by counsel or the courts. (Dickey v. N. Y. Ins. Co., 4 Cow., 222; Macy v. Whaling Ins. Co., 9 Metc., 354; Bradley v. Maryland Ins. Co., 12 Peters, 378; Southgate v. Patapsco Ins. Co., 6 id., 604.)
The judgment appealed from was correct, and should be affirmed, with costs.
Wright, J., also dissented; Denio, Ch. J., expressed no opinion.
Judgment reversed and judgment at special term affirmed.